STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
COUNTY OF OCONEE )
)
WILLAIM PARKER ) CIVIL ACTION COVERSHEET
Plaintiff(s) )
FILED OCONEE COUNTY, SC
PRESTON H. WHITFIELD
CLERK OF COURT  2016 -CP- 37 - 411
vs. ) 2016 JUL -6 P 4: 13
)
G4S SECURE SOLUTIONS (USA) INC. )
Defendant(s) )

Submitted By: Angela N. Lane          SC Bar #: 101544
Address: PO Box 851 Sandy Springs, SC 29677   Telephone #: (864)326-5421
                                               Fax #: (864)226-2320
                                               Other:
                                               E-mail: angelalane@theangelalanelawfirm.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete

☒ JURY TRIAL demanded in complaint.     ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____-NI-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☒ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) |
| ☐ Employment (180) | | ☐ Other (399) | |
| ☐ Other (199) | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

Submitting Party Signature: _____     Date: July 5, 2016

SCCA / 234 (03/2016)                                      Page 1 of 2

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA, | IN THE COURT OF COMMON PLEAS |
| COUNTY OF OCONEE | |
| WILLIAM PARKER | SUMMONS |
| Plaintiff | |
| vs. | FILE NO. |
| G4S SECURE SOLUTIONS (USA) INC. | 2016-CP-37-411 |
| Defendant. | |

FILED OCONEE COUNTY, SC
BEVERLY H. WHITFIELD
CLERK OF COURT
2016 JUL -6 P 4:13

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Anderson, South Carolina

Dated: July 5, 2016

_____
Plaintiff/Attorney for Plaintiff

Address:   P.O. Box 851
           Sandy Springs, SC
           29677

SCCA 401 (5/02)

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF OCONEE ) | FILED OCONEE COUNTY 10th JUDICIAL CIRCUIT |
| ) | BEVERLY H. WHITFIELD |
| WILLIAM PARKER, ) | CLERK OF COURT |
| *Plaintiff*, ) | 2016 JUL -6 P 4: 13 |
| ) | |
| vs. ) | 2016-CP-~~40~~-37 · 411 |
| ) | |
| G4S SECURE SOLUTIONS (USA), INC. ) | |
| *Defendants*. ) | JURTY TRIAL REQUESTED |

## COMPLAINT

### (Age and Disability Discrimination and Retaliation in Employment)

William Parker ("Plaintiff"), brings this Complaint by and through his undersigned Attorney pursuant to S.C. Code Ann. § 1-13-80 and Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. § 2000e and The Age Discrimination in Employment Act, 29 U.S.C. § 621.

### JURISDICTION

1. This Court has jurisdiction over Plaintiffs' claims because Defendant is a foreign corporation doing business in South Carolina as defined in S.C. Code Ann. § 33-1-400 and S.C. Code Ann. § 33-15-101. Plaintiff is a South Carolina is a citizen and resident of South Carolina.

### VENUE

2. Venue in this Court is proper because the most substantial part of the alleged act or omission giving rise to the cause of action occurred in Seneca SC.

### CAUSE OF ACTION

3. Plaintiff, William Parker, is and was at all times mentioned herein a citizen of South Carolina residing in Pickens County, South Carolina.

4. Plaintiff was employed by G4S Secure Solutions (USA) Inc. (hereinafter "Defendant") at the BASF plant located in Seneca, South Carolina.

5. Plaintiff had a good employment record and always made diligent attempts to schedule doctor's appointments for days on which Plaintiff was not scheduled to work.

6. On or around April 24, 2015, Defendants hired Amanda Nicks as supervisor. Ms. Nicks was significantly younger than Plaintiff and immediately began altering the work schedule to give younger employees more favorable work schedules than Plaintiff.

7. Ms. Nicks constantly changed Plaintiff's schedule.

8. In April, 2015 Plaintiff had a Veterans Affairs ("VA") appointment scheduled for his day off but Ms. Nicks changed the schedule and scheduled Plaintiff to work on that day. Plaintiff explained that he had a VA appointment and that he had previously scheduled the appointment for a day off work, but Ms. Nick's informed Plaintiff that she was not concerned.

9. Plaintiff called Human Resources and filed a complaint against Ms. Nicks for her treatment of him versus her treatment of the younger employees.

10. Plaintiff had another VA appointment in early May, 2015. Plaintiff sought the advice of an attorney and had his attorney send a letter to Defendant on his behalf regarding the discriminatory treatment.

11. On May 6, 2015, after Plaintiff's letter was received by Defendant, Plaintiff was told to leave the premises upon his arrival at work and to call the Regional Manager before he would be allowed to return to work.

12. Plaintiff spoke to the regional manager. The regional manager informed Plaintiff that Plaintiff would be called the following Monday and that Plaintiff would be placed at another location for employment. Plaintiff, however, was never called.

13. Plaintiff filed a Complaint with the South Carolina Human Affairs Commission and with the Equal Employment Opportunity Commission.

14. Plaintiff was not told by Defendant that he was terminated until Plaintiff and Defendant had a meeting with the South Carolina Human Rights Commission in or around November, 2015.

15. Plaintiff was discriminated against on the basis of his age and medical needs. When Plaintiff complained of this discrimination directly to Defendant, Defendant suspended Plaintiff in retaliation.

16. When Plaintiff filed a charge with the SC Human Affairs Commission, Plaintiff was not offered employment at an alternative location as promised to Plaintiff prior to the charge, rather Plaintiff was terminated in retaliation for filing the charge with South Carolina Human Affairs Commission and Equal Employment Opportunity Commission.

17. Defendants actions violated the South Carolina Human Rights Act, S.C. Code Ann. § 1-13-80 and Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. § 2000e and The Age Discrimination in Employment Act, 29 U.S.C. § 621.

18. Plaintiff has exhausted his administrative remedies by filing a complaint with both the South Carolina Human Affairs Commission and the Equal Employment Opportunity Commission. Plaintiff's right to sue letters are attached as "Exhibit A".

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests the following relief from this Court:

1. A declaratory judgment that the actions complained of herein violated Plaintiff's rights to be free from discrimination in the workplace;

2. Order that Defendant make Plaintiff whole with full back pay and benefits;

3. An award of compensatory damages in an amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential losses;

4. An award to Plaintiff for exemplary and/or punitive damages in an amount to be shown at trial;

5. An award to Plaintiff for reasonable attorneys' fees and costs, including but not limited to expert witness fees.

## DEMAND FOR JURY TRIAL

The plaintiff requests a trial by jury on all issues triable by a jury.

Respectfully submitted this 5th day of July, 2016

THE ANGELA LANE LAW FIRM, LLC

By: _____
ANGELA N. LANE
112 Essex Dr. Anderson SC 29621
Post Office Box 851
Anderson, SC 29677
(864)326-5421

**ATTORNEY FOR THE PLAINTIFF**

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Charlotte District Office**

129 West Trade Street, Suite 400
Charlotte, NC 28202
Direct Dial: (704) 344-6686
TTY (704) 344-6684
FAX (704) 954-6410
Website: www.eeoc.gov

William Parker
PO Box 641
Central, SC 29630

Parker, William v. G4S Secure Solutions, USA, Inc.
EEOC Charge Number: 14C-2015-00788

Dear William Parker:

This letter is in response to your recent request for a substantial weight review of the Fair Employment Practices Agency (FEPA)/South Carolina Human Affairs Commission (SCHAC) determination of your discrimination complaint as referenced above. Therein, you requested a reconsideration of the FEPA Dismissal and Notice of Rights to Sue, issued to you. We have completed our review of your charge file. We concur with the final finding made by the SCHAC.

We recognize you may be dissatisfied with the results of the processing of your charge. The EEOC is an impartial law enforcement agency, which must issue determinations based on our interpretations of the relevant evidence and the laws we enforce. We understand that the parties to a charge often have firm views that the available evidence supports their respective positions. However, our final actions must comport with our interpretations of the relevant evidence and the laws we enforce.

Therefore, we are issuing you a Notice of Right to Sue. The notice informs you of your right to pursue this matter in Federal District Court, should you so choose. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or the right to sue based on this charge will be lost. The EEOC cannot extend the 90 days limitation period.

We hope this information is helpful to you, but regret there is nothing further EEOC can do to assist you in regards to this charge.

Sincerely,

_____
Reuben Daniels
District Director

April 6, 2016
Date

cc:
Howard W. Anderson III, Esq.
PO Box 661
176 E. Main Street,
Pendleton, SC 29670