IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| William Parker, ) | |
| ) | Civil Action No. 8:16-2993 |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| G4S Secure Solutions USA, Inc., ) | |
| ) | |
| Defendant. ) | |

   This matter is before the court on the defendant's motion to dismiss (doc. 6). The action was removed by the defendant from state court on August 31, 2016, based upon federal question jurisdiction. In his complaint, the plaintiff alleges the defendant discriminated and retaliated against him on the basis of his age (*see* doc. 11 at 1).

   On September 1, 2016, the defendant filed a motion to dismiss, arguing that the plaintiff failed to allege in the complaint that he filed a timely charge of discrimination or that his allegations in this action are consistent with the scope of his charge allegations. The defendant further argued that the plaintiff failed to allege sufficient facts to support the element of claims for age or disability discrimination or retaliation (doc. 6). On October 6, 2016, the plaintiff filed a motion to amend his complaint with the consent of the defendant (doc. 11). The undersigned granted that motion on October 27, 2016 (doc. 14).

   A timely filed amended pleading supersedes the original pleading. *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)); *see also Ohio River Valley Env. Coalition, Inc. v. Timmermeyer*, 77 F. App'x 468, 471 (4th Cir. 2003) (finding that once an amended pleading is interposed, the original complaint "no longer performs any function in the case"); 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2011) ("A pleading that has been amended . . . supersedes the

pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). As a result, motions directed at the superseded pleading generally are to be denied as moot. *See, e.g.*, *McCoy v. City of Columbia*, C.A. No. 3:10-132-JFA-JRM, 2010 WL 3447476, at *1–2 (D.S.C. Aug. 31, 2010) (adopting the magistrate judge's report and recommendation to the extent it recommended that the motion to dismiss be found as moot because the amended complaint superseded the original complaint and rendered any attack upon it moot).

Based upon the foregoing, the motion to dismiss (doc. 6) should be dismissed as moot.

IT IS SO RECOMMENDED.

October 27, 2016                              s/ Kevin F. McDonald
Greenville, South Carolina                United States Magistrate Judge