IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| William Parker,             )<br>                                             )<br>                    Plaintiff,     )<br>                                             )<br>        vs.                              )<br>                                             )<br>G4S Secure Solutions USA Inc.,  )<br>                                             )<br>                    Defendant.  )<br>_____ ) | Civil Action No. 8:16-2993-TMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendant's motion to dismiss for failure to state a claim (doc. 16). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## PROCEDURAL HISTORY

The action was removed by the defendant from state court on August 31, 2016, based upon federal question jurisdiction (doc. 1). The defendant filed its first motion to dismiss (doc. 6) on September 1, 2016. On December 14, 2016, that motion was dismissed as moot as the plaintiff had been granted leave to file an amended complaint (doc. 21). However, the plaintiff did not actually file the amended complaint (*see* docs. 11, 14). Nonetheless, on November 10, 2016, the defendant filed a second motion to dismiss, which is now before the court (doc. 16). On December 30, 2016, the plaintiff filed a response in opposition (doc. 25), and the defendant filed a reply on January 20, 2017 (doc. 30). As the instant motion to dismiss is directed at the proposed amended complaint (*see* docs. 11-1, 11-2), on March 2, 2017, the undersigned directed the Clerk of Court to file the proposed amended complaint as the amended complaint so that the record before the court will be complete (*see* doc. 32).

**FACTS PRESENTED**

In the amended complaint, the plaintiff, a former employee of defendant G4S Secure Solutions (USA) Inc. ("G4S"), alleges claims for age discrimination, retaliation, and hostile work environment in violation of the Age Discrimination in Employment Act ("ADEA") (doc. 32 ¶¶ 26-38). In support of these claims, the plaintiff alleges that, during an unspecified time period through May 6, 2015, G4S employed him as a security officer/guard at BASF Corporation in Seneca, South Carolina (*id.* ¶ 3). In April 2015, the defendant hired Amanda Nicks, whom the plaintiff alleges is in her mid to late twenties, as a supervisor (*id.* ¶¶ 5, 6). The plaintiff claims that Ms. Nicks "immediately . . . began altering [his] work schedule" and gave "more favorable work schedules" to "employees around her age" (*id.* ¶¶ 9, 14). In April 2015, Ms. Nicks changed the schedule requiring the plaintiff to work on what had previously been his day off. The plaintiff explained to Ms. Nicks that he had a doctor's appointment scheduled at the Veterans Affairs ("VA") hospital, but she responded that she was not concerned (*id.* ¶¶ 10-12). As a result of this scheduling change, the plaintiff filed a complaint against Ms. Nicks through the defendant's human resources department. He retained an attorney, who sent a letter to the defendant regarding the plaintiff's belief that he was being discriminated against because of his age (*id.* ¶¶ 15-17).

The plaintiff alleges that on May 6, 2015, after receiving the letter from the attorney, Ms. Nicks "began screaming" at him and demanded that he "leave the premises and call a Regional Manager" before returning to work.[1] The Regional Manager allegedly told the plaintiff that he would be contacted the following Monday regarding placement at a different location, but the plaintiff claims he did not receive that call (*id.* ¶¶ 18-19).

The plaintiff alleges that he filed a charge of discrimination with the South Carolina Human Affairs Commission ("SCHAC") and the Equal Employment Opportunity

---

[1]The plaintiff's amended complaint states the date as May 6, *2016* (doc. 32 ¶ 18). This is apparently a typographical error as the plaintiff alleges he was employed by the defendant until May 6, *2015* (*id.* ¶ 3).

Commission ("EEOC") on May 7, 2015 (*id.* ¶ 20).[2]  He alleges that he had a meeting with the defendant and the SCHAC, and, during the meeting, the defendant stated that he had been terminated from employment (*id.* ¶ 21).  He states that his notice of right to sue was received on April 10, 2016, and that the allegations in the complaint are within the scope of the charge of discrimination filed with the SCHAC and the EEOC (*id.* ¶¶ 23, 25).  The plaintiff includes the notices of right to sue from the EEOC and the SCHAC as an exhibit to the amended complaint, but he does not include the charge of discrimination (*see* doc. 32-1).

## APPLICABLE LAW AND ANALYSIS

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 569 (2007)).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). When ruling on a Rule 12(b)(6) motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The court must liberally construe *pro se* complaints to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and such *pro se*

---

[2] Again, the amended complaint actually alleges the date was May 7, *2016* (*id.* ¶ 20).  However, in the context of the allegations in the preceding and following paragraphs, it is clear that the year was 2015 (*id.* ¶¶ 21-22).

3

complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). The court may consider such a document, even if it is not attached to the complaint, if the document "was integral to and explicitly relied on in the complaint," and there is no authenticity challenge. *Id*. at 448 (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). *See also Int'l Ass'n of Machinists & Aerospace Workers v. Haley*, 832 F. Supp. 2d 612, 622 (D.S.C. 2011) ("In evaluating a motion to dismiss under Rule 12(b)(6), the Court . . . may also 'consider documents attached to . . . the motion to dismiss, so long as they are integral to the complaint and authentic.'") (quoting *Sec'y of State for Def. v. Trimble Navigation Ltd*., 484 F.3d 700, 705 (4th Cir. 2007)). Furthermore, the court may consider a plaintiff's charge of discrimination in ruling on a motion to dismiss. *See Williams v. 1199 Seiu United Healthcare Workers East*, C.A. No. WMN-12–72, 2012 WL 2923164, at * 1 n.1 (D.Md. July 17, 2012) ("In the employment context, a court may consider an EEOC charge and other EEOC documentation [when considering a motion to dismiss] because such documents are integral to the complaint as Plaintiff necessarily relies on these documents to satisfy the time limit requirements of the statutory scheme. . . . The court's consideration of these documents does not convert this into a motion for summary judgment.") (citations omitted).

***Exhaustion of Administrative Remedies***

The defendant first argues that the plaintiff fails to meet his factual burden of establishing that the allegations in the amended complaint are consistent with the scope of his administrative charge (doc. 16-1 at 3-4; doc. 30 at 3-4). Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and

4

those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. *See Chacko v. Patuxent*, 429 F.3d 505, 506 (4th Cir.2005) (holding that a plaintiff fails to exhaust her administrative remedies where her "administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in [her] formal lawsuit"). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 273 (8th Cir.1994) (internal quotation marks and citation omitted). In determining whether the exhaustion requirement has been met in any individual case, a court must endeavor to "strike a balance between providing notice to employers and the EEOC on the one hand and ensuring plaintiffs are not tripped up over technicalities on the other." *Sydnor v. Fairfax Cnty., Va.* ., 681 F.3d 591, 594 (4th Cir. 2012).

As noted above, the plaintiff did not attach a copy of his administrative charge to the amended complaint. With regard to the issue of exhaustion, the plaintiff makes only the following conclusory statement in the factual background portion of the amended complaint: "The allegations in this Complaint are within the scope of the charge timely filed by Plaintiff with the EEOC and the SCHAC" (doc. 32 ¶ 25). The plaintiff fails to supply any information regarding the allegations contained in the charge. The plaintiff argues that the notice of right to sue letters from the EEOC and the SCHAC "set forth the fact that the administrative investigation carried out was in regard to a charge of 'discrimination based on age and disability' (Dkt. # 11-2 ¶ 3), harassment/intimidation and retaliation" (doc. 25 at 3). The document referenced by the plaintiff is the exit correspondence from the SCHAC that accompanied the notice of right to sue. The letter states that the SCHAC determined that there was insufficient proof to support the plaintiff's contentions that he was subjected to unlawful discrimination (doc. 32-1 at 3-4). The letter references the plaintiff's allegations

of age and disability discrimination and harassment/intimidation, but does not mention retaliation (*id.*). Furthermore, this letter and the other documents attached to the amended complaint provide no specific factual details of the plaintiff's allegations and/or the scope of the plaintiff's allegations at the administrative level (*see id.* at 1-5).

The plaintiff contends that he is not "required to attach the original charge to his Complaint" and argues that the defendant "seeks a ruling from this Court that would effectively require Plaintiffs to litigate an entire case at the pleading stage of litigation as opposed to setting forth plausible facts to make out the cause of action, which Plaintiff has done" (doc. 25 at 3). The plaintiff's argument is meritless. "[T]he factual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Chacko*, 429 F.3d at 509. While the plaintiff contends that the allegations in his complaint are consistent with his charge allegations (doc. 25 at 3-4), the plaintiff has failed to show what the factual allegations in his charge are. The plaintiff's failure to provide a copy of the charge coupled with his failure to provide any details in his amended complaint regarding his factual allegations at the administrative level deprive this court – as well as the defendant – of the ability to determine whether he has satisfied the administrative prerequisites to bringing his complaint. Accordingly, the undersigned recommends that the district court require the plaintiff to file a second amended complaint either providing specific details of the factual allegations contained in the administrative charge or attaching a copy of the charge.

### *ADEA Claims*

The defendant next argues that the plaintiff fails to allege facts sufficient to support his age discrimination, retaliation, and hostile work environment claims under the ADEA (doc. 16-1 at 4-8). The defendant argues that the plaintiff "is required 'to allege facts sufficient to state all the elements of [his] claim'" (doc. 30 at 4 (quoting *Sawyers v. UPS*, 946 F. Supp.2d 432, 441 (D. Md. 2013)). However, in *Swierkiewicz v. Sorema N.A.*, 534 U.S.

6

506, 510-15 (2002), the United States Supreme Court held that a plaintiff in an employment discrimination action need not plead facts establishing a *prima facie* case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss, but must only satisfy the requirements of Rule 8(a) by giving the employer fair notice of what the plaintiff's claims are and the grounds upon which they rest.

With regard to the age discrimination claim, the defendant argues that the plaintiff "provides no evidence other than his own bare conclusions that the allegedly comparable employees were similarly situated" (doc. 30 at 5-6). *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir.1992) (defining "similarly situated" employees in the context of a disparate discipline case as those who have dealt with the same supervisor and been subject to the same standards, without distinguishing or mitigating circumstances.); *Duggan v. Sisters of Charity Providence Hosp.*, 663 F.Supp.2d 456, 468 (D.S.C.2009) (same). The undersigned agrees that the plaintiff's factual allegations are minimal. However, the undersigned finds that the plaintiff has alleged enough facts to raise a plausible claim given the plaintiff's allegation that Ms. Nick treated others under her supervision more favorably. Whether the other employees are similarly situated is a factual determination that cannot be made on a motion to dismiss.

Further, as to the retaliation claim, the defendant argues that the plaintiff "fails to allege that his supervisor was aware of his age discrimination complaint, and as he provides no copy of it, it is impossible to know when it was filed or received by Defendant" (doc. 30 at 6-7). However, while focusing on the administrative charge, the defendant ignores the plaintiff's allegation that his attorney wrote a letter to the defendant regarding the plaintiff's belief that he was being discriminated against and that, after receiving the letter, the plaintiff's supervisor told him to leave the premises, after which he was never told he could return to work. *See Buchhagen v. ICF Intern., Inc.*, 545 F. App'x 217, 221 (4th Cir. 2013) (reversing dismissal of ADEA retaliation claim where plaintiff alleged that she was

7

terminated from employment six days after complaining to human resources that her supervisor was discriminating against her based upon her age).

The undersigned finds that the plaintiff has satisfied the requirements of Rule 8 by giving the defendant fair notice of the basis for his age discrimination and retaliation claims. *See Swierkiewicz*, 534 U.S. at 514 (holding that the plaintiff "easily satisfie[d] the requirements of Rule 8(a)" by detailing the events leading up to his termination, providing relevant dates, and including the ages of at least some of the relevant persons involved with his termination, which put the defendant on fair notice of what the plaintiff's claims were and the grounds upon which they rested). However, with regard to the plaintiff's hostile work environment claim, the undersigned agrees with the defendant that the amended complaint fails to "establish 'facial plausibility' by pleading 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir.2013) (quoting *Iqbal*, 556 U.S. 662, 678 (2009)). Accepting as true the facts alleged in the amended complaint, the hostile work environment claim is based upon the plaintiff's supervisor providing more favorable work schedules to other employees, constantly changing the plaintiff's schedule, scheduling the plaintiff to work on a previously scheduled day off when he had a VA appointment, screaming at the plaintiff on one occasion, and ordering him to leave the premises (doc. 32 ¶¶ 9-18). Here, "the conduct alleged falls far short of being severe or pervasive enough to establish an abusive environment." *Buchhagen*, 545 F. App'x at 219 (finding plaintiff failed to state a claim for hostile work environment under the ADEA where she alleged her supervisor mockingly yelled at her in one meeting; yelled and pounded her hands on her desk during another meeting; "repeatedly harped" on a mistake made by the plaintiff; made snide comments to the plaintiff; played favorites with employees and pitted employees against each other; and unfairly scrutinized and criticized the plaintiff's use of

leave and compliance with directives). Accordingly, the hostile work environment cause of action should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendant's motion to dismiss the amended complaint (doc. 16) be granted in part and denied in part. Should the district court adopt this recommendation, the undersigned recommends that the court direct the plaintiff to file a second amended complaint deleting the hostile work environment cause of action and either providing specific details of the factual allegations contained in the administrative charge or attaching a copy of the charge.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

March 3, 2017
Greenville, South Carolina