IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| William Parker, | ) |
| Plaintiff, | ) Civil Action No. 8:16-cv-2993-MGL-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| G4S Secure Solutions USA, Inc., | ) |
| Defendant. | ) |

This matter is before the court on the defendant's motion to dismiss *with prejudice* (doc. 50). The plaintiff, who is represented by counsel, filed his complaint in state court, alleging the defendant, his former employer, discriminated against him on the basis of his age and medical needs and retaliated against him after he complained (doc. 1-1). On August 31, 2016, the defendant removed the matter to this court based upon federal question jurisdiction (doc. 1).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and submit findings and recommendations to the district court.

On September 1, 2016, the defendant filed a motion to dismiss for failure to state a claim (doc. 6). On October 27, 2016, the plaintiff filed an amended complaint, and the defendant's motion to dismiss was found moot (docs. 11, 14, 15, 32).

On November 10, 2016, the defendant filed a motion to dismiss the amended complaint for failure to state a claim (doc. 16). The motion was granted in part and denied in part on March 20, 2017 (docs. 33, 34).

On May 15, 2017, the plaintiff's counsel filed an unopposed motion to withdraw based on the plaintiff's relocation to Finland (doc. 42).  On May 24, 2017, the court denied the motion for failure to comply with Local Civil Rule 83.I.07(B)(1), (3), which requires that the mailing address and telephone number for the plaintiff be included along with a certification that notice was provided to the plaintiff of his attorney's motion to withdraw and his time to object to same (doc. 47).  The order stated that the plaintiff's counsel could re-file the motion to withdraw in compliance with the above-cited rule (*id.*).  The plaintiff's attorney has not re-filed a motion to withdraw.

On July 11, 2017, the defendant filed a motion to dismiss for failure to prosecute (doc. 50), which is now pending before the court.  The plaintiff's response was due on July 25, 2017.  No response has been filed.

In the motion to dismiss, the defendant states that written interrogatories and requests for production of documents were served on the plaintiff's counsel on April 4, 2017, and no response to the discovery requests has been received (doc. 50-1 at 2).  The defendant further notes that counsel's attempts no obtain dates to depose the plaintiff have been unsuccessful (*id.* at 2-4). Defense counsel states that she has been in contact with the plaintiff's counsel and that they have both tried to obtain contact information for the plaintiff in his new country of residence, but they have been unable to obtain such information (*id.* at 3-4; *see* doc. 50-4, emails).  Accordingly, the defendant argues that this case should be dismissed *with prejudice* for failure to provide discovery responses and failure to prosecute.  The undersigned agrees.

Federal Rule of Civil Procedure 37(d) provides that a court may order sanctions, including dismissal, if "a party, after being properly served with interrogatories . . . or a request for inspection . . . fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A), (d)(3). With the sanction of dismissal, "the 'range of discretion is more narrow' than when a court imposes less severe sanctions." *Hathcock v.*

2

*Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (quoting *Wilson v. Volkswagen of Am.*, 561 F.2d 494, 503 (4th Cir. 1977)). Dismissal of a party's case for failure to comply with a court order or a discovery request "is a severe sanction which must be exercised with restraint, caution and discretion." *Zaczek v. Fauquier Cty. Va.*, 764 F. Supp 1071, 1077 (E.D. Va. 1991) (citation omitted). A court should consider the following factors in determining what sanctions to impose under Rule 37: "(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Sav. and Loan Ass'n v. Richards & Assocs. Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citation omitted).

Similarly, Rule 41(b) provides that a complaint may be dismissed for failure to prosecute and/or failure to comply with orders of the court. Fed. R. Civ. P. 41(b). *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors: (1) the degree of the plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant caused by the delay; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the effectiveness of less drastic sanctions other than dismissal. *Ballard*, 882 F.2d at 95.

"Courts have held that because the standard for dismissals under Fed. R. Civ. P. 37 is virtually identical to that for dismissal for failure to prosecute under Fed. R. Civ. P. 41, 'the court can combine its analysis of the question of whether dismissal is appropriate under' both Rules." *Woods v. Wells Fargo Bank, N.A.*, C.A. No. 3:10-3160-SVH, 2012 WL 601872, at *3 (D.S.C. 2012) (citation omitted).

The plaintiff has failed to provide contact information to his attorney despite repeated requests (*see* doc. 50-4 at 3). Defense counsel has also endeavored to locate

the plaintiff without success (*id.* at 2). As a result of his lack of contact, the plaintiff's counsel has been unable to provide responses to the defendant's discovery requests, the defendant's request for dates for the plaintiff's deposition, and the defendant's motion to dismiss. The plaintiff's refusal to cooperate with discovery has impeded the defendant's efforts to defend this action. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available, given the stalemate the plaintiff's lack of contact and apparent abandonment of this lawsuit have created.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that the defendant's motion to dismiss *with prejudice* (doc. 50) be granted.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

August 14, 2017
Greenville, South Carolina